**Supreme Court**

In the Matter of Ross A. Annenberg.                    No. 2015-172-M.P.

**O R D E R**

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. The respondent, Ross A. Annenberg, was admitted to the practice of law in this state on June 1, 1998. On July 18, 2014 he was removed from the master roll of attorneys for failure to pay his annual registration fee to the Supreme Court Clerk. However, he remains subject to the disciplinary jurisdiction of this Court.

The respondent was also admitted to the practice of law in the Commonwealth of Massachusetts. On March 19, 2015, the Supreme Judicial Court of the Commonwealth of Massachusetts entered a judgment of disbarment disbarring the respondent from the practice of law in Massachusetts. The effective date of that disbarment order is April 18, 2015. A copy of that judgment was forwarded to Disciplinary Counsel on April 3, 2015.

Rule 14, entitled "Reciprocal discipline," provides in pertinent part: "(a) Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the court." On April 7, 2015, Disciplinary Counsel filed a certified copy of the order of discipline with this Court along with his request that we impose reciprocal discipline.

On April 16, 2015, we entered an order directing the respondent to inform this Court within thirty days of any claim he may have that the imposition of reciprocal discipline would be unwarranted. Our order further notified the respondent that his failure to show cause why identical discipline should not be imposed by this Court would result in the entry of an order disbarring him from the practice of law in this state. The respondent did not submit a response to our order.

The facts giving rise to the respondent's disbarment in the Commonwealth of Massachusetts, as compiled by the Board of Bar Overseers, are as follows. The respondent was employed as an attorney in a law firm located in Massachusetts. He intentionally misused $50,780 in funds belonging to five clients, depriving them of their funds. He has not repaid the clients. He submitted an affidavit to the Board of Bar Overseers in which he resigned from the practice of law, acknowledged that bar counsel could prove the above-noted facts, and conceded that a judgment of disbarment would likely result if he contested those facts at a hearing. The Supreme Judicial Court accepted that affidavit and disbarred the respondent.

The respondent has not provided this Court with any claim why the identical discipline should not be imposed in this state. We believe that the acknowledged facts warrant the imposition of the same discipline. Accordingly, the respondent, Ross A. Annenberg, is hereby disbarred from the practice of law in this state, effective immediately.

Entered as an Order of this Court this 11th day of *June 2015.*

By Order,

_____/s/_____
Clerk



**TITLE OF CASE:**        In the Matter of Ross A. Annenberg.

**CASE NO:**        No. 2015-172-M.P.

**COURT:**        Supreme Court

**DATE ORDER FILED:**        June 11, 2015

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        N/A – Court Order

**JUDGE FROM LOWER COURT**:

            N/A – Court Order

**ATTORNEYS ON APPEAL:**

            For Petitioner:        David D. Curtin
                        Chief Disciplinary Counsel

            For Respondent:   Ross A. Annenberg, Pro Se